## UNITED STATES *v.* FULLER.

APPEAL FROM THE COURT OF CLAIMS.

No. 805.  Submitted January 9, 1896. — Decided January 20, 1896.

Mates are petty officers, and as such are entitled to rations or commutation therefor.

THIS was a petition for a commutation of rations alleged to be due to claimant as a "mate" in the Navy.

The petitioner alleged his appointment as mate on March 4, 1870, and that from March 20, 1888, until August 12, 1891, he was attached to the receiving ship Vermont at the Navy Yard in Brooklyn; that, under sections 1579 and 1585 of the Revised Statutes, he was entitled to rations while so serving, or to the commutation price thereof; but that the same had been refused him, and he therefore prayed judgment in the sum of $380.

The Court of Claims found the following facts:

1. The claimant, a mate in the United States Navy, was attached to and served on the United States receiving ship Vermont from March 20, 1888, to August 14, 1891.

2. During his said service he was not allowed a ration nor commutation therefor.

3. Mates have not been regarded as petty officers by the Treasury Department, nor by the Navy Department, prior to the adoption of the Navy Regulations of 1893.

4. From the year 1799 master's mates in the United States Navy were warrant officers, except when acting under temporary and probationary appointments. Warrants were issued to them after at least one year's sea service under a probationary appointment. No such warrants were, however, issued after 1843, and in 1847 a regulation of the Navy Department forbade commanding officers to make such probationary appointments.

On October 7, 1863, the Secretary of the Navy issued the following circular:

"Seamen enlisted in the naval service may hereafter, as formerly, be advanced to the rating of master's mate, and such rating may be bestowed by the commander of a squadron, subject to the approval of the Department, or by the commander of a vessel, with the previous sanction of the Department.

"Seamen so rated will be entitled to the same pay, rank and privileges as appointed or warranted master's mates, but will not be released by their rating from the obligations of their enlistment, and may be disrated by the order or with the sanction of the Department. They will not, while rated as master's mates, be considered as subject to trial by a summary court-martial, nor be disrated by transfer, as in the case of petty officers.

"Seamen rated as master's mates will not be discharged with that rating, and will be considered as disrated to seamen upon the expiration of their enlistment, but upon their immediate reënlistment the rating of master's mate may be considered as renewed. The acceptance of such renewed rating will be considered as a renunciation of any claim to additional pay for reënlistment. All ratings of master's mates made by order of the commander of a squadron, and all such ratings renewed by reënlistment, will be reported to the Department, as early as practicable."

Upon these facts the court held, as a conclusion of law, that the claimant was entitled to recover the sum of $372.60, for which judgment was entered, and the Government appealed.

*Mr. Assistant Attorney General Dodge* and *Mr. Charles C. Binney* for appellants.

*Mr. Robert B. Lines* and *Mr. John Paul Jones* for appellee.

Mr. Justice BROWN delivered the opinion of the court.

Petitioner's claim is based upon the exception contained in Rev. Stat. § 1579, which reads as follows: "No person not

actually attached to and doing duty on board a seagoing vessel, *except the petty officers*, seamen, and ordinary seamen attached to receiving-ships, or to the ordinary of a navy yard, and midshipmen, shall be allowed a ration," which, by § 1585, for the purposes of commutation, is fixed at thirty cents.

The personnel of the Navy is divided generally into commissioned officers, non-commissioned or warrant officers, petty officers, and seamen of various grades and denominations. That a mate is not a commissioned officer is entirely clear, and is not disputed by either party. It is equally clear that he is above the grade of seaman, and the real question is whether he is a non-commissioned or warrant officer, a person "temporarily appointed to the duties of a commissioned or warrant officer," or a " petty officer."

We think little is to be gained in the solution of this question by a detailed examination of the several acts of Congress and navy regulations which antedate the Revised Statutes. Prior to 1843, "master's mates " were recognized by the law as warrant officers, or as " warranted master's mates," and appear to have been sometimes appointed by the President and sometimes rated (that is, promoted from lower grades) by commanding officers. But shortly after this time they seem to have fallen into disuse, and no further appointments were made, although the grade was not formally abolished, and those who had been previously appointed continued to hold their offices and receive their pay.

At the outbreak of the Civil War, however, a great increase in all the naval forces became necessary, and the Secretary of the Navy made temporary appointments of " acting masters and master's mates," which were confirmed by act of Congress of July 24, 1861, c. 13, 12 Stat. 272. By act of March 3, 1865, c. 124, 13 Stat. 539, their names were changed to that of " mates," and the Secretary of the Navy was authorized to increase their pay and to rate them from seamen and ordinary seamen who had enlisted in the naval service for not less than two years. By the act of July 15, 1870, c. 294, 16 Stat. 321, 330, they were formally recognized as a part of the naval forces, and their pay was fixed at $900 when at sea, $700 on shore

duty, and $500 on leave or waiting orders. These amounts were raised in 1894, 28 Stat. 212. Act of August 1, c. 176.

By the Revised Statutes, which were intended to consolidate and codify all the prior enactments upon the subject, the President was authorized to appoint (§ 1405) "as many boatswains, gunners, sailmakers, and carpenters as may, in his opinion, be necessary and proper," who (§ 1406) "shall be known and shall be entered upon the Naval Register as warrant officers in the naval service of the United States," and whose pay was specified in a separate paragraph of § 1556, fixing the pay of the naval forces.

By § 1408 "mates may be rated, under authority of the Secretary of the Navy, from seamen and ordinary seamen who have enlisted in the naval service for not less than two years." By § 1556 their pay was fixed at the rates provided by the act of July 15, 1870, and by § 1410 "all officers not holding commissions or warrants, or who are not entitled to them, except such as are temporarily appointed to the duties of a commissioned or warrant officer, and except secretaries and clerks, shall be deemed *petty-officers*, and shall be entitled to obedience, in the execution of their offices, from persons of inferior ratings." By § 1569 "the pay to be allowed to petty officers, *excepting mates*" (whose pay was fixed by § 1556), "and the pay and bounty upon enlistment of seamen, ordinary seamen, firemen, and coalheavers in the naval service, shall be fixed by the President," with the further provision, § 1579, that "no person not actually attached to and doing duty on board a seagoing vessel, *except the petty officers*, seamen, and ordinary seamen attached to receiving ships, or to the ordinary of a navy-yard, and midshipmen, shall be allowed a ration."

From this summary of the Revised Statutes it appears reasonably clear:

1. That boatswains, gunners, sailmakers, and carpenters are warrant officers to be appointed by the President, and that they are the only ones specifically mentioned as such.

2. That mates are officers not holding commissions or warrants, and not entitled to them, but are petty officers pro-

moted by the Secretary of the Navy from seamen of inferior grades, who have enlisted for not less than two years, and that they are distinguished from other petty officers only in the fact that their pay is fixed by statute instead of by the President. From this it would seem to follow that, although their pay is fixed by law, instead of by the President, they are in other respects entitled to the emoluments of petty officers, among which are rations.

The exception of mates from § 1569 merely indicates that Congress, having already fixed their pay, such pay need not be fixed by the President. But they are still within the exception of "petty officers, seamen, and ordinary seamen attached to receiving ships," who are inferentially allowed a ration by § 1579. The exception of mates from other petty officers in § 1569 indicates that they are petty officers, and the exception of petty officers, from those who are not entitled to rations under § 1579, indicates that as such they are entitled to a ration.

We think there is no authority for saying that they are temporarily appointed to the duties of a warrant officer. While the words "acting master's mates," sometimes employed prior to the Revised Statutes, might indicate, by the use of the word "acting," a person temporarily appointed to the duties of a master's mate, officers who are recognized by law, and whose pay is fixed by a permanent statute, cannot be said to be temporarily appointed. The argument that a "warrant" is defined to be "an instrument conferring authority upon persons, inferior to a commission," and that mates must therefore be warrant officers, because they are appointed by the Secretary of the Navy, proves too much; since all petty officers hold by some sort of designation from a superior authority, and if a warrant be an instrument inferior to a commission, this would make all petty officers warrant officers. On the other hand, as, by § 1405, warrant officers are appointed by the President, it would seem to follow that, if they held their appointments from an inferior authority, they were not to be considered as warrant officers. There is also an implication to the same effect from the act of August

1, 1894, c. 176, 28 Stat. 212, raising the pay of mates, and providing that "the law regulating the retirement of warrant officers in the Navy shall be construed to apply to the twenty-eight officers now serving as mates." This provision would be quite unnecessary if, under the general provisions of law, they fell within the designation of warrant officers.

After some hesitation and apparent confusion of opinion on the part of the Navy Department, this was the construction of the Revised Statutes finally settled upon by the Navy Regulations of 1893, Art. 28, and we think it is correct. The only difficulty in the case seems to have arisen from certain acts prior to the Revised Statutes, notably the act of 1813, which dealt with warranted "master's mates," under which mates continued to be classified by the Navy Department as warrant officers, until the Revised Statutes were adopted.

The judgment of the Court of Claims is, therefore,

*Affirmed.*