Peelle, J.,
delivered the opinion of the court:
The claimant, a mate in the United States Navy, rated as such under Revised Statutes, section 1408, while performing sea service was, on his own application after thirty years’ service, placed on the retired list of the Navy under the provisions of section 17, act of March 3, 1899 (30 Stat. L., 1008), which reads:
“That when an enlisted man or appointed petty officer has served as such thirty years in the United States Navy, either as an enlisted man or petty officer, or both, he shall, by making application to the President, be placed on the retired list hereby created, with the rank helct by him at the date of retirement; and he shall thereafter receive seventy-five per centum of the pay and allowances of the rank or rating upon which he was retired: Provided, That if said enlisted man or appointed petty officer had active service in the Navy or in the Army or Marine Corps, either as volunteer or regular, during the civil or Spanish-American war, such war service shall be computed as double time in computing the thirty years necessary to entitle him to be retired: And provided further, That applicants for retirement under this section shall, unless physically disqualified for service, be at least fifty years of age.”
Since his retirement the claimant has been paid 75 per cent of the “leave or Availing orders pay” of his grade.
*329 The claimant, by' bis action, seeks to recover the difference between what he was paid and 75 per cent of the sea pay of his grade at the time of his retirement.
The law regulating the retirement of warrant officers in the Navy was made applicable to mates, and their pay fixed by the act of August 1, 1891 (28 Stat. L., 212), which reads:
“That the law regulating the retirement of warrant officers in the Navy' shall be construed to apply to the twenty-eight officers now serving as mates in the Navy, and the said mates shall be entitled to receive annual pay at the rates following: When at sea, one thousand two hundred dollars; on shore duty, nine hundred dollars; on leave or waiting orders, seven hundred dollars: Provided, however, That nothing herein contained shall be so construed as to authorize any increase of pay for any time prior to the passage of this act.”
The law applicable to the retirement of warrant officers at the time of the passage of that act as the claimant contends is found in-Revised Statutes, section 1588, which reads:
“The pay of all officers of the Navy who have been retired after forty-five years’ service after reaching the age of sixteen years, or who have been or may bo retired after forty years’ service upon their own application to the President, or on attaining the age of sixty-two years, or on account of incapacity’- resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to seventy-five per centum of the sea pay provided by this chapter for the grade or rank which they’- held, respectively, at the time of their retirement. The pay of all other officers on the retired list shall, when not on active duty, be equal to one-half the sea pay provided by this chapter for the grade or rank held by them', respectively7, at the time of their retirement.”
In the case of United States v. Fuller (160 U. S., 593, 596) it was held that mates in the Navy are “petty officers promoted by' the Secretary' of the Navy from seamen of inferior grades who have enlisted for not less than two years, and that they' are distinguished from other petty7 officers only in the fact that their pay is fixed by7 statute instead of by the President. ” And as such they' are entitled to the emoluments of petty' officers, including commutation of rations.
Conceding that section 1588 is the law under which warrant officers may have been retired, as other officers of the Navy therein provided for, the question is, Does the act of March 3, *330 1899 (supra), repeal or modify the language of that section, to wit, “seventy-five per centum of the sea pay provided * * * for tho grade or rank which they held, respective^, at the time of their retirement? ”
Section 17 of the act of 1899, above quoted, omits the words “sea pay,” and therefore the court must ascertain what the Congress meant by the omission of those words.
This claim was before the accounting officers of the Treasury Department, and the Acting Comptroller held that the claimant wras only entitled to 75 per centum of tho “leave or waiting-orders pay” of his grade, and based his opinion largely upon the ground that Congress had not “expressly specified tho kind of pay of Avhich mates shall, after retirement, receive 75 per centum.”
The act of August 1, 1891 (supra), designates the twenty-eight mates then serving in the Navy, of which the claimant was and is one, as officers entitled to the benefit of tho law regulating the retirement of warrant officers; and as warrant officers were then entitled to retire after fort}^ years’ service on their own application and receive 75 per centum of the sea pay provided for their grade, it follows that mates who were retired were entitled to like pay. Therefore, unless the act of March 3, 1899 (supra) takes away that right, they are still entitled to be paid 75 per centum of the sea pay of their grade.
By section 1588 the limit of time for service to entitle one to be retired on his own application is forty years, with three-fourths sea pay, while by the act of March 3, 1899, the time is reduced to thirty years, and provides that for any “active seivice in the Navy, or in the Army or Marine Corps, either as volunteer or regular, during tho civil or Spanish-American Avar, such Avar service shall be computed as double time in computing tho thiily years necessary to entitle him to be retired.”
The claimant being one of the tAventy-eight mates serving-in the Navy when the act of August 1, 1894, avrs passed, he would, if eligible by reason of service, age, or disability, as in section 1588 provided, have been entitled to be retired under the provisions of that act and to receive “ 75 per centum of the sea pay ” of his grade at the time of his retirement.
*331 The accounting officers construe section 17 to mean that after a mate had served thirty years, as therein provided, and bad at his own request been placed on the retired list, such retirement, in respect to pay, was equivalent to placing him “on leave or waiting-orders pay,” and that therefore he was onty entitled to three-fourths of that amount, thus construing the section as repealing, by implication, the act of July 15, 1870 (16 Stat. L., 333), now Revised Statutes, section 1588, as amended by the act of August 1, 1891, supra.
But repeals by implication are not favored. “ It is a reasonable presumption thatthe legislature did not intend to keep realty contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intention to do so. Such an interpretation, therefore, is not to be adopted unless it be inevitable. Any reasonable construction, it offers to escape from it is more likely to bo in consonance with the real intention.” (Endlich on the Interpretation of Statutes, 210.)
It necessarily follows that “ the implication of an intention to repeal must necessarily flow from the language used disclosing a repugnance between its provisions and those of the earlier law so positive as to be irreconcilable by any fair, strict, or liberal construction of it, which would, without de-strojdng its evident intent and meaning, find for it a reasonable field for operation, preserving, at the same time, the force of the earlier law, and construing both together in harmony with the whole course of legislation upon the subject.”
Within the rule announced we think the statutes relating to the pay and retirement of mates can be construed together in liarmon3r with the legislation on the subject.
Revised Statutes, section 1588, providing for the retirement of officers of the Navy at three-fourths the sea pay of the grade or rank held by them at the time of retirement, was, by the act of August 1, 1891, not onty made to apply to the twenty-eight mates then serving in the Navy, but their payas well is fixed thereby. We think the language of section 17, act of March 3, 1899, supra, that on the retirement of such officer after thirty years’ services “ he shall thereafter receive 75 per centum of the pay and allowance of the rank or rating upon which he was retired,” is not in conflict with the language of said section 1588 providing for 75 per centum of the *332 sea pay of the graae or rank held by him at the time cu retirement.
It will be noted by the act of August 1, 1894, the pay of mates is graded: For sea service, $1,200; shore duty, $900, and leave or waiting orders, $100, and therefore we think if the Congress had intended bjr the act of 1899 to modify section 1588 in respect to the grade or service for which mates on retirement should receive 15 per centum they would have specified the same, and for that reason we must hold that the claimant is entitled upon retirement to 75 per centum of the sea pay of the grade or rank held bjr him at the time of his retirement. Accordingly judgment is ordered entered in the claimant’s favor for $389.59.